"The condition of the above obligation is this, that whereas the above bounden Joseph Martin was duly appointed a constable in Jonesville District in the county of Surry: now, if the said Joseph Martin shall well and truly pay, unto the person or persons properly authorized to receive, all moneys which he may collect by virtue of said office, and shall faithfully execute all process which may come into his hands as such, and true returns make thereon; and, furthermore, shall well, truly, and faithfully, in all and singular, discharge the several duties belonging to his office as such, according to law, during his continuance therein, then the above obligation to be void; otherwise to remain in full force and virtue."
The facts were that Holcomb placed in Martin's hands a note to collect, and took a receipt for it. This note had been made by Joseph Harrison and Daniel Marrion, payable to James Waugh. The constable obtained a judgment against Harrison and Marrion, and execution was stayed; after the stay expired, the constable, having the judgment in his hands, but no execution having issued thereon, received the amount of the judgment from Harrison and Marrion, and failed to pay it over to Holcomb on demand.
The present action was then brought, and on the trial plaintiff offered to prove the admission of the constable, Martin, that he had collected the money; this was objected to, on the ground that by the terms of the condition of the bond the securities thereto were not bound (275) unless the plaintiff showed an execution authorizing the collection of the money. The court overruled the objection and received the evidence, and instructed the jury that if the constable collected the money in his official character, having a judgment for the same, though without execution, then the securities were liable, notwithstanding the condition of the bond did not specify and embrace the express terms of the act of 1818.
Defendants further objected that as the debt appeared to have been originally due to Waugh, and there was no other evidence of Holcomb's having an interest therein than the mere fact of his having taken a *Page 120 
receipt from Martin in his own name, that the suit should have been brought to the use of Waugh; but the court held otherwise, and the plaintiff had a verdict. Defendants moved for a new trial, which was refused, and from the judgment rendered there was an appeal to this Court.
No formal condition for a constable's bond is prescribed by the act of 1818, ch. 980, but the general direction is that it shall be conditioned as well for the faithful performance of his duty as constable as for his diligently endeavoring to collect all claims put into his hands for collection and faithfully paying over all sums thereon received, either with or without suit, unto the persons to whom the same be due.
The material words of the condition of this bond are, "that if the said Joseph Martin shall well and truly pay, unto the person or persons properly authorized to receive, all moneys which he may collect by virtue of said office." If a constable is employed to collect money, and he does so without suit, he collects it by virtue of his office, because it is the general understanding that he is to bring suit only in the event of its being necessary, and the general words of this condition embrace moneys collected with or without suit. But here a suit was brought and (276) judgment recovered, and I think the spirit of the act not only gave him a right to receive it without execution, but bound him to do so, if the debtor had tendered it; for why harass a man with an execution who is prompt to pay without one? The act contains a recognition of the universal practice of the country for constables to be employed as collectors of sums within a justice's jurisdiction, and seems designed to prevent sureties from escaping from their responsibilities because their principal, when he received money he was employed to collect, was unarmed with legal process.
On the other question, Holcomb being in possession of the note, hadprima facie a right to receive the money, and the constable, receiving it from him for collection, admitted that right, and engaged to pay him the sum when collected. It is a common practice to sell notes without indorsement, and if constables were not bound to pay the money to the persons from whom they received them, it would lead to great abuses.
My opinion is that the judgment ought to be affirmed.